IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REBECCA DEVANE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JERRY HANNAH and VERICHECK, INC., )<br>)<br>Defendants. )<br>) | Case No. 3:11-cv-00389<br>Judge Nixon<br>Magistrate Judge Knowles<br><br>**JURY DEMAND** |

## ORDER

Pending before the Court is Defendants Jerry Hannah and Vericheck, Inc.'s Motion to Dismiss Complaint or in the Alternative to Transfer Venue ("Motion"). (Doc. No. 13.) Plaintiff Rebecca DeVane has not responded to the Motion. For the reasons stated herein, the Motion is **DENIED**.

### I. BACKGROUND

Plaintiff filed a Complaint in this Court on April 27, 2011, alleging various claims related to her employment with Defendant Vericheck, Inc ("Vericheck"). (Doc. No. 1.) Defendants aver that Plaintiff did not serve the Complaint on them until September 19, 2011. (Doc. No. 13 at 1.) All of Plaintiff's claims arise from a core set of alleged facts: (1) Plaintiff was employed by Vericheck, (2) Plaintiff allowed Defendants to use computer software that she developed with the understanding that she would receive partial ownership of Vericheck in return, (3) Plaintiff resigned from her employment after a conflict occurred, (4) Defendants never gave Plaintiff the promised stock in Vericheck, and (5) Defendants impermissibly continued to use Plaintiff's computer program after

1

her resignation. (*See id.*) Plaintiff claims copyright infringement for Defendants' impermissible use of her software; breach of contract, quantum meruit, unjust enrichment, and intentional misrepresentation for Defendants' failure to issue Vericheck stock to Plaintiff; and defamation for Defendants' statements to third parties that Plaintiff was fired for cause. (*Id.*)

The Complaint alleges that Plaintiff is a resident of, and has at all times relevant to her claims, worked in this District. (Doc. No. 1 ¶ 2.) It also alleges that Defendant Jerry Hannah, sole shareholder of Vericheck, is a resident of the Northern District of Georgia and contacted Plaintiff numerous times in this District. (*Id.* ¶ 3.) Defendants claim that service was ultimately accomplished at Mr. Hannah's address in Georgia. (Doc. No. 13 at 1.) The Complaint further alleges that Vericheck is incorporated in Georgia and lists Plaintiff as a corporate officer with a listed address in this District. (Doc. No. 1 ¶ 4.) The Complaint asserts that venue in this Court is predicated on 28 U.S.C. § 1391(b)(2). (*Id.* ¶ 1.)

Defendants filed the instant Motion on October 11, 2011 (Doc. No. 13), and the Clerk of the Court set the response deadline as October 28, 2011. To date, Plaintiff has not responded to the Motion. The Motion requests that the Court either (1) dismiss the Complaint for insufficient service of process under Federal Rule of Civil Procedure 4(m), or (2) dismiss or transfer this action to the Northern District of Georgia under 28 U.S.C. § 1406(a) for improper venue. (*Id.* at 2-3.)

**II.** **LEGAL STANDARD**

 *A.*  *Insufficient Service*

Federal Rule of Civil Procedure 4(m) states that if a defendant is not served with a complaint within 120 days after it is filed, a court must dismiss an action without prejudice or order that service be made within a specified time. Rule 4(m) also provides that a plaintiff may avoid

2

dismissal by showing good cause for the failure to execute service within 120 days, in which case a court must extend the time for service for an appropriate period.

The Sixth Circuit has stated that "[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). This conclusion was originated based on a prior version of Rule 4(m), then Rule 4(j), which did not include the option for a court to order that service be made within a specified time as an alternative to dismissal. *See Byrd*, 94 F.3d at 219 n.2. Rule 4(m) now requires a two-part analysis. *Stewart v. Tenn. Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000). First, a court must determine whether the plaintiff has shown good cause for the failure to effect service. *Id.* Second, if the plaintiff has failed to show good cause, the court must determine whether to dismiss the action or direct that service be effected. *Id.*

The party opposing a motion to dismiss for insufficient service bears the burden of showing good cause for why timely service was not effectuated. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (citing *Habib*, 15 F.3d at 73). It is within the sound discretion of a court to determine whether good cause has been shown. *Id.* (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)). Good cause requires at least excusable neglect. *Stewart*, 2000 WL 1785749, at *1. "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (citations omitted). Whether neglect is excusable is an equitable determination, taking into account all relevant circumstances including "'the danger of prejudice to the [non-moving party], the length of the delay and its impact on judicial proceedings, the reason

for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd P'ship*, 507 U.S. 380, 395 (1993)).

Despite these standards, the Sixth Circuit has stated that under the amended Rule 4(m), "the court has discretion to permit late service even absent a showing of good cause." *Stewart*, 2000 WL 1785749, at *1 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

> B.   *Improper Venue*

Under 28 U.S.C. § 1391(b), a civil action that is not founded solely on diversity of citizenship may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

For the purposes of determining proper venue, a defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c).

The plaintiff bears the burden of proving that venue is proper. *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). A court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Id.* (citations omitted). If a court finds that venue is improper, the court has the discretion to dismiss the action or transfer it to a court in which it could have been brought. *See* 28 U.S.C. § 1406. A court may also transfer any civil action to any judicial district where it might have been brought for the convenience of parties and witnesses and in the interest of justice. 28

4

U.S.C. § 1404(a).

**III.   ANALYSIS**

   *A.   Insufficient Service*

Defendants argue that Plaintiff did not serve the Complaint on them until September 19, 2011, nearly five months after it was filed. (Doc. No. 13 at 2.) According to the Motion, Mr. Hannah has sworn in an affidavit that that no attempts for service were made upon him either personally or in his role as Chief Executive of Vericheck prior to September 19, 2011. (*Id.*) The Court does not find the affidavit in the record, but assumes that Defendants make this assertion in good faith. Defendants conclude that because Plaintiff has not shown good cause for the delay in service, the Court should either dismiss the Complaint or quash the service and order that Plaintiff re-serve the Complaint on Defendants. (*Id.*)

Plaintiff has not responded to the Motion, and the Court therefore has no explanation for the delay in service that it can evaluate for good cause. However, the Sixth Circuit has acknowledged that a court may permit late service even absent a showing of good cause, *Stewart*, 2000 WL 1785749, at *1, and the Court finds no precedent for dismissing a lawsuit when service was eventually effectuated. Whether to excuse non-compliance with Rule 4(m) is ultimately an equitable determination, considering all relevant circumstances. *Turner*, 412 F.3d at 650. Defendants have not articulated any reason why the delay prejudiced them or had a negative impact on proceedings. In fact, the Court notes that the litigation has proceeded normally to date. The parties held an initial case management conference on November 1, 2011, after which Magistrate Judge Knowles entered a case management order setting the course of litigation (Doc. No. 21). The parties have presumably entered into discovery. Requiring Plaintiff to now re-file her lawsuit due

5

solely to a technicality would cause a much greater disruption in the proceedings than the initial delay in service. The Court therefore declines Defendants' invitation to do so, and denies the Motion on insufficient process.

  B.  *Improper Venue*

Venue cannot lie in this District under § 1391(b)(1). For the purpose of determining proper venue, corporations are deemed to be residents of any district in which they are subject to personal jurisdiction. 28 U.S.C. § 1391(c). Even if Vericheck were subject to personal jurisdiction in this Court and could therefore be deemed to "reside" in Tennessee, Mr. Hannah is an individual who is a resident of Georgia. Defendants would still not, therefore, both reside in Tennessee, rendering § 1391(b)(1) inapplicable. Nor could venue lie in this District under § 1391(b)(3), as this action could have been filed in at least one other district in Georgia. Thus, proper venue must be predicated on § 1392(b)(2), and a "substantial part of the events or omissions giving rise to" Plaintiff's claims must have occurred in this District. Under this prong of § 1391(b), venue lies if a district has "'a substantial connection to the plaintiff's claim.'" *Clayton v. Heartland Res., Inc.*, No. 3:08-cv-0513, 2008 WL 2697430, at *2 (M.D. Tenn. June 30, 2008) (quoting *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998)). Venue may be proper in more than one judicial district, and a district need not be the "best" forum in order for venue to lie there. *First of Mich. Corp.*, 141 F.3d at 263.

Defendants assert that they have never traveled to Tennessee for business purposes or any matter arising out of the Complaint, and that the alleged acts stated in the Complaint occurred in Georgia. (Doc. No. 13 at 3-4.) Defendants argue that the Complaint's two allegations of contact between Defendants and Tennessee – that Plaintiff was listed as a corporate officer of Vericheck

6

with a Tennessee address and that Defendants contacted her numerous times in Tennessee – are not tied to the causes of action set forth in the Complaint. Defendants also contend that the Complaint's "naked" statement that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District is insufficient to substantiate venue. (*Id.*) Defendants therefore conclude that the Complaint must be dismissed due to improper venue or transferred to the Northern District of Georgia. (*Id.*)

The Complaint does not assert where any of Defendants' alleged actions or omissions occurred specifically, nor has Plaintiff responded to the Motion. It is dubious, then, to conclude that Plaintiff has met her burden of establishing that venue is proper in this Court. On the other hand, Defendants have only summarily asserted that all of the alleged activity occurred in Georgia, without elaboration or substantive analysis. The Eastern District of Michigan in *Audi AG* denied a motion to dismiss for improper venue for exactly this reason, stating:

> Here, Defendant does not engage in a substantive analysis. He simply asserts, in summary fashion, that the corporation responsible for the [alleged activity] is a California company and that all activities transpired in California. Defendant has failed to present colorable arguments to support his claim that venue . . . is improper under § 1391(b).

204 F. Supp. 2d at 1022-23 (internal citations omitted).

Further, the Court must make all factual inferences in favor of Plaintiff. The Complaint alleges that Plaintiff worked in this District at all time relevant to her claims, and Defendants do not dispute that Plaintiff was listed as a corporate officer with a Tennessee address on Vericheck's registration. At the very least, then, the alleged agreement that Defendants would give Vericheck stock to Plaintiff in exchange for the use of her computer program, as well as their alleged failure to do so, must have occurred across state lines between Georgia and this District. As Plaintiff alleges

7

to have suffered economic loss as a result of these events, her alleged injuries were also sustained in this District. These facts give rise to at least four of Plaintiff's six claims. Whether such facts substantiate proper venue appears to be a novel question. The Court finds, however – based on these facts, Defendants' failure to elaborate on their claim that all of the alleged activity occurred in Georgia, and making all inferences in Plaintiff's favor – that this District does have a "substantial connection" to Plaintiff's claims. The Court therefore denies Defendants' request to dismiss or transfer this case for improper venue under § 1406(a).[1]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

It is so ORDERED.

Entered this the ____28th_____ day of November, 2011.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court recognizes that it may nonetheless transfer this case to another district under § 1404(a) for the convenience of the parties. However, Defendants have not requested such relief in their Motion. As Plaintiff has not, therefore, been put on notice that the Court may contemplate relief under § 1404(a), and considering that the Court has very little information before which it could evaluate under the standards for such relief at this time, the Court declines to conduct a *sua sponte* § 1404(a) analysis.

8